﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/19 Archive Date: 10/30/19

DOCKET NO. 190422-17201
DATE: October 30, 2019

REMANDED

Entitlement to service connection for schizophrenia (also claimed as schizoid personality disorder and schizotype personality disorder) is remanded.

Entitlement to service connection for bipolar disorder is remanded.

Entitlement to service connection for social phobia (also claimed as terrorist threat phobia) is remanded.

Entitlement to service connection for posttraumatic stress disorder is remanded.

Entitlement to service connection for anxiety disorder (also claimed as social anxiety disorder and panic disorder) is remanded.

Entitlement to service connection for conversion disorder (claimed as conversation disorder) is remanded.

Entitlement to service connection for depression is remanded.

Entitlement to service connection for delirium (also claimed as sexual hallucinations) is remanded.

Entitlement to service connection for sleep disorder is remanded.

Entitlement to service connection for memory loss is remanded.

Entitlement to service connection for ADHD (also claimed as a learning disability, OCD, alcohol addiction, and drug addiction) is remanded.

Entitlement to service connection for personality disorder (also claimed as antisocial personality disorder, multiple personality disorder, paranoid personality disorder, avoidant personality disorder, narcissistic personality disorder, and histrionic personality disorder) is remanded.

Entitlement to service connection for dissociative fugue is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Marine Corps from December 1999 to May 2000. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with the Department of Veterans Affairs’ (VA’s) decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a rating decision by the VA Regional Office (RO) in Baltimore, Maryland. The Veteran selected the Supplemental Claim lane when he submitted a RAMP election form in May 2018. Accordingly, the November 2018 RAMP rating decision considered all the evidence of record up until that point. The Veteran timely appealed the November 2018 RAMP rating decision to the Board and requested direct review of the evidence considered by the RO. This means that the Board considered only the evidence of record at time of the November 2018 RAMP decision. 

VA has a duty to assist claimants with obtaining evidence needed to substantiate a claim. 38 U.S.C. § 5103A; 38 C.F.R. § 3.159. Here, the Board finds that remand is necessary to correct duty-to-assist errors that occurred prior to the issuance of the November 2018 RAMP rating decision. 

The notes from the Veteran’s private psychiatric treatment records indicate that he reported receiving Supplemental Security Income from the Social Security Administration (SSA). See March 2014 Psychological Assessment (“The resident says he was receiving Supplemental Security Income.”). Moreover, the Veteran reported in an October 2016 non-service connected pension claim, VA Form 21-527EZ, that he received $733.12 each month from SSA. Additionally, a January 2017 SSA Inquiry indicates that the Veteran would be receiving an SSA payment of $73.50 on February 1, 2017. The Board notes that the Veteran was born in 1980 and is currently too young to receive Social Security retirement benefits. 

In sum, the evidence of record prior to the November 2018 RAMP rating decision indicates that the Veteran was in receipt of benefits through SSA. Other than the SSA inquiry that was made in January 2017, however, the record does not indicate that the RO attempted to obtain the Veteran’s SSA records. Moreover, the record contains no formal finding that such records do not exist or could not be obtained. The Veteran’s private treatment records indicate that these records may be relevant to the Veteran’s claims. As such, the Board finds that a remand is necessary to cure the pre-decisional duty-to-assist error that occurred prior to the November 2018 rating decision. See Murincsak v. Derwinski, 2 Vet. App. 363, 372 (1992) (holding that the duty to assist requires obtaining SSA records of which the Board has notice). 

Accordingly, the matters are REMANDED for the following action:

(Continued on the next page)

 

Obtain the Veteran’s federal records from the SSA and associate them with the claims file. All reasonable attempts should be made to obtain such records. If they cannot be obtained after reasonable efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile, which should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile and allowed the opportunity to provide such records.

 

 

M. Tenner

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board E. Rademacher, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.